**ADAMS TELCOM, INC.,
et al., Petitioners,**

v.

**FEDERAL COMMUNICATIONS
COMMISSION, Respondent.**

**Nos. 93–1103 to 93–1105.**

United States Court of Appeals,
District of Columbia Circuit.

July 16, 1993.

Stephen G. Kraskin, Sylvia L. Lesse, Caressa D. Bennet, Charles D. Cosson, Harold Mordkofsky, Robert M. Jackson, and William J. Franklin, Washington, DC, for petitioners.

Renee Licht, John E. Ingle and Laurence N. Bourne, Washington, DC, for respondents.

Before MIKVA, Chief Judge, WALD and BUCKLEY, Circuit Judges.

Opinion for the Court filed *Per Curiam.*

*PER CURIAM:*

These consolidated petitions for review challenge a Federal Communications Commission ("Commission") order which dismissed the petitioners' applications for a "pioneer's preference" in obtaining licenses to provide communications services. *See Amendment of the Commission's Rules to Establish New Personal Communications Services,* Gen. Docket No. 90–314, 7 FCC

Rcd. 7794 (Released Nov. 6, 1992), 57 Fed. Reg. 57,457 (Dec. 4, 1992) (hereafter *"Order"*).

These petitions for review were filed on February 2, 1993—within 60 days of the date the Order was published in the Federal Register, but 88 days after the November 6, 1992 release date. A petition for review of a Commission order must be filed "within 60 days after its entry." 28 U.S.C. § 2344.

The Commission moves to dismiss the petitions for review as untimely, arguing that under its regulations, *see* 47 C.F.R. § 1.4, the 60–day review period must be measured from the November 6, 1992 release date, rather than the later date of publication in the Federal Register. As a general matter, we defer to an agency's reasonable interpretation of its own regulations, and we think that the Commission's interpretation in this case is reasonable. Nonetheless, we conclude that the Order here does not give the petitioners adequate notice of the deadline for filing a petition for review. Accordingly, we hold that these petitions for review are timely.

The Commission's General Rules of Practice and Procedure specify two different methods to compute the time for seeking judicial review of Commission action. *See* 47 C.F.R. § 1.4. The first method focuses on whether a "document" is part of a "rule making proceeding." Thus, "for documents in notice and comment rule making proceedings" the time for seeking judicial review begins on the day after the document is published in the Federal Register. 47 C.F.R. § 1.4(b)(1). The second method focuses on "non-rulemaking documents." For such Commission documents, "whether or not published in the Federal Register," the 60–day review period is keyed to the release date that appears on the document itself. 47 C.F.R. § 1.4(b)(2).

The Commission claims that the portion of the Order which the petitioners contest is "adjudicative," since it dismissed the petitioners' requests for a pioneer's preference.[1] According to this logic, the petitioners are

---

1. The Order dismissed 39 applications for a pioneer's preference (including those at issue here), tentatively granted three applications, and tentatively denied 53 others. *See Order,* at ¶¶ 24–37.

seeking review of a "non-rulemaking document," and therefore should have filed these petitions for review within 60 days of the Order's release date. The petitioners contend that, because the Order was released in the context of a rulemaking proceeding, we should look to the Federal Register publication date to compute the 60–day review period.

This court has characterized statutes that fix the time for seeking judicial review as "jurisdictional and unalterable." *See AFL–CIO v. OSHA*, 905 F.2d 1568, 1570 (D.C.Cir. 1990); *Kessenich v. CFTC*, 684 F.2d 88, 91 (D.C.Cir.1982). With the inflexibility of such timelines in mind, this court has encouraged administrative agencies, whenever possible, to specify—by regulation or in their notices to persons subject to agency action—the beginning of the relevant judicial review period. *See, e.g., Carter/Mondale Presidential Committee, Inc. v. Federal Election Commission,* 711 F.2d 279, 280 (D.C.Cir.1983).

We understand why, upon reading the Commission's rules, the petitioners believed that the Order's Federal Register publication date, rather than the earlier "release date," triggered the 60–day review period. 47 C.F.R. § 1.4(b)(1) clearly states that the time for seeking judicial review of "documents in ... rule making proceedings" is measured from the publication date. The Order, entitled "Amendment of the Commission's Rules ...," appears to fit the description of a "document" in a "rule making proceeding." For example, we note that the Order contains at least two internal references to "this rule making." *See Order* at ¶¶ 6, 54.

Looking beyond 47 C.F.R. § 1.4, however, additional Commission rules which address the pioneer's preference complicate the timeliness question in this case. *See* 47 C.F.R. §§ 1.402–1.403. Under those rules, the Commission processes a request for a pioneer's preference in the context of a rulemaking which addresses spectrum allocation for new communications services. *See* 47 C.F.R. § 1.402(a). The rulemaking and the request for a pioneer's preference are given separate file numbers. 47 C.F.R. § 1.403. Likewise,

any "statement" supporting or opposing the request for a pioneer's preference "must be filed separate from, and not part of, any comments on an associated petition for rule making." 47 C.F.R. § 1.402(e). Finally, the rules make clear that a request for a preference, while treated separately from the associated rulemaking, is ultimately tied to that proceeding.[2] *See* 47 C.F.R. § 1.402(d) (providing that a final decision on a request for a pioneer's preference will be made "at the time of the adoption, if any, of a report and order adopting new rules").

It may be reasonable, as the Commission argues, to apply a different timeliness rule to petitions for review of Commission orders addressing requests for the preference itself, as distinguished from rulemaking proceedings associated with the same requests. This distinction, however, is not obvious even upon careful reading of the Commission's regulations. The text of 47 C.F.R. § 1.4 nowhere distinguishes between adjudicatory and nonadjudicatory orders. Instead, the rule vaguely refers to "documents in a rule making proceeding" and "non-rulemaking documents."

If the Commission intended to convey that the Order at issue here is a "non-rulemaking document," we do not think it did so. *See McElroy Electronics Corporation v. FCC*, 990 F.2d 1351, 1353 (D.C.Cir.1993) (where the agency does not state its directives clearly, the court "will not bind a party by what the agency intended, but failed to communicate"); *Satellite Broadcasting Co. v. FCC*, 824 F.2d 1, 4 (D.C.Cir.1987) ("The agency's interpretation is entitled to deference, but if it wishes to use that interpretation to cut off a party's right, it must give full notice of that interpretation."). Since the Order did not give the petitioners adequate notice of the deadline for seeking judicial review, we conclude that these petitions for review are timely, and the motion to dismiss is

*Denied.*

2. A party that believes it can implement a new communications service without a rule change may obtain a waiver from the requirement that it

also file a petition for rulemaking. 47 C.F.R. § 1.402(b).